OPINION
Appellant Canton Realty Development and Distribution Company owns three properties in Canton, Ohio. On March 31, 1998, appellant appealed the real estate taxable valuations on his property to appellee, Stark County Board of Revision. Appellant claimed that the property valuations were excessive. Following a hearing before appellee, appellee increased the taxable value of two parcels, and affirmed the Auditor's determination as to the third parcel. As to Parcel No. 02-35462, both the Auditor and Board of Revision assigned the parcel a taxable value of $10,860. As to Parcel No. 02-20779, the Auditor had assigned a tax value of $8860, which the Board of Revision changed to $10,500. As to Parcel No. 02-34042, the Auditor had placed a tax value of $9460 on the parcel, while the Board of Revision increased that value to $10,860. Appellant appealed this decision to the Stark County Common Pleas Court. The court entered judgment in accordance with the decision of the Board of Revision. Appellant assigns a single error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ADOPTING THE VALUATIONS MADE BY THE APPELLEES ON THE PROPERTIES OWNED BY THE APPELLANT BECAUSE THEY ARE NOT SUPPORTED BY THE EVIDENCE NOR ARE THEY REASONABLE, LAWFUL AND SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant filed a notice of appeal of the decision of appellee to the Stark County Common Pleas Court pursuant to R.C. 5715.05. This statute does not require a trial de novo by the Court of Common Pleas. Black v. Board of Revision of Cuyahoga County (1985), 16 Ohio St.3d 11, paragraph one of the syllabus. The court may hear the appeal on the record and evidence thus submitted, or may in its discretion consider additional evidence. Id. The court shall independently determine the taxable value of the property whose valuation or assessment is complained of, or in the event of discriminatory valuation, shall determine a valuation that corrects such discrimination. Id. The judgment of the trial court shall not be disturbed by the Court of Appeals absent a showing of abuse of discretion. Id. Appellant has not demonstrated that the court abused its discretion in the instant case. The court considered appraisals submitted by both parties. In the judgment, the court specifically noted that in rendering an opinion, the appraiser for appellant included a caveat that the opinion provided be considered only as a consultant's advice, and not as a full appraisal report. The court further noted that appellees' appraiser's report contained a detailed analysis of comparable sales, and certified that it was in fact a full appraisal report rendered in compliance with government standards. As to Parcel No. 02-20779, the court specifically noted that appellant's appraiser did not provide information regarding comparable properties. The court found the report of appellees' appraiser credible as it contained information on comparable sales within four or five blocks, but did note that the appraisal did not take into account the increased noise and traffic affecting the parcel. The court therefore reduced the value to reflect the noise and increased traffic in the area. Appellant has not demonstrated the court abused its discretion in accepting this appraisal amount. As to Parcel No. 02-34042, the court noted that appellant's appraiser testified that he used three comparable properties in rendering his opinion; however, he provided no information with regard to such comparable properties. He further did not delineate what adjustments he made for rental value of the parcel. In contrast, the court noted that appellees' appraiser provided specific addresses of comparable properties used in determining his appraisal of the property. The court did not abuse its discretion in accepting this appraisal, adjusting the value for lack of a garage. As to Parcel No. 02-35462, appellant's appraiser again testified that he used comparable properties in determining the value, but did not provide specific information regarding the size or amenities of such comparable properties. In contrast, the appraiser for appellees provided information concerning the comparable properties used in making his appraiser, and the appropriate adjustments he made because the property in question was not as large as the comparables. The court did not abuse its discretion in accepting this appraisal amount. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By READER, V.J., FARMER, P.J., and WISE, J., concur